# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**WILLIAM MULLIGAN,**<br>Defendant. | CASE NO. 4:21-cr-00200-YGR<br><br>**PRETRIAL ORDER NO. 1 AT CONCLUSION OF PRETRIAL CONFERENCE** |

On February 9, 2023, the Court held a previously scheduled pretrial conference in the above referenced matter. Abraham Fine and Benjamin Kleinman appeared on behalf of the United States of America. Defendant William Mulligan appeared with counsel of record Hanni M. Fakhoury and Sierra Dugan. Having considered the filings to date and the arguments and other submissions at the pretrial conference, for good cause shown the Court HEREBY ORDERS:

1. This matter is confirmed for trial to begin on February 27, 2023. Trial days shall begin with the parties and attorneys at 8:00 a.m. Counsel shall arrive in court early enough to proceed promptly. Trial proceedings with the jury shall proceed generally on Monday through Friday, from 8:30 a.m. to 1:40 p.m. with two twenty-minute breaks. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

2. To simplify instructions to the jury with respect to Count 2 which has been

dismissed, the Court hereby orders Count 3 to be referenced as Count 2; Count 4 to be referenced as Count 3; and Count 5 to be referenced as Count 4.

3. **Witnesses:** The parties are limited to calling the witnesses now identified in filings and disclosures as set forth by the government in Docket Number 98. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will be allowed only by Court order. The defendant has not identified himself as a potential witness and need not until immediately preceding the resting of the defense.

4. **Exhibits and Exhibit Lists:** The parties are limited to using the exhibits identified and disclosed as set forth by the government in Docket Number 99 as amended to reflect any stipulations regarding admissibility.

5. **Jury Selection:** The Court conducts a comprehensive *voir dire* and incorporates many of the additional topics requested. The Court will allow each side fifteen (15) minutes to conduct follow up *voir dire*. In addition:

   a. The Court will read the parties' Joint Statement of the Case in Docket Number 102 to the petit jury panel. The Court does not intend to read or provide the jury with a copy of the Indictment as it merely contains allegations.

   b. The Court will include in the juror questionnaire the list of all potential witnesses organized alphabetically. The list shall include all attorneys, paralegals, parties, and anyone involved in the case. The names will be included in the survey sent to the jury. As discussed, the defense does not intend to call additional witnesses at this juncture. If that changes, defense counsel will appraise the Court as soon as practicable.

   c. As discussed, the Court will provide the parties with copies of the juror questionnaires. Within 24 hours after they are received, the parties will be permitted an opportunity to meet and confer and stipulate to excusing jurors prior to the commencement of jury selection.

   d. Counsel is reminded that in accordance with Model Rule of Professional

Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but . . . may not communicate directly or through another with a juror or potential juror." A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type of ex parte communication prohibited by Model Rule 3.5(b)." Further, to the extent that a party asks any follow-up questions to a prospective juror during *voir dire* regarding information obtained from the review, the party shall disclose the review to the juror.

6. **Jury Instructions:** The parties have filed joint jury instructions and verdict forms. The defendant has also filed additional instructions. Removing the second count in this case mooted the need for the defendant's first proposed instruction and defendant's second proposed instruction was withdrawn. The remaining instructions are still under consideration at this juncture and the parties will continue to provide authority and alternative instructions in editable word documents.

7. **Parties' Stipulations:** The Court accepts the parties' stipulations at Docket Nos. 87 and 92 and hereby orders the same.

8. **Jurors and Peremptory Challenges:** The Court will seat a total of twelve (12) jurors and two (2) alternates. Pursuant to Rule 24 of the Criminal Rules of Civil Procedure, because the offense charged is punishable by imprisonment for more than one year, the government is allocated six (6) peremptory challenges and the defendant is allocated ten (10) peremptory challenges. Accordingly, peremptory challenges shall be exercised in the following sequence:
- Prosecution First
- *Defense First and Second*
- Prosecution Second

3

- *Defense Third and Fourth*
- Prosecution Third
- *Defense Fifth and Sixth*
- Prosecution Fourth
- *Defense Seventh and Eighth*
- Prosecution Fifth
- *Defense Ninth*
- Prosecution Sixth
- *Defense Tenth*

In addition, each party shall be allocated one additional peremptory challenge for the two alternate jurors. The additional peremptory challenges may be used against an alternate juror only. The initial set of peremptory challenges may not be used for alternate jurors.

*Batson* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.

9. **Witnesses at Trial:** Each party shall give the other no less than 24 hours written notice of the witnesses to be called. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

10. **Government's Motions in Limine (Dkt. No. 93):**

    a. Based upon the authority cited by the government, and the defendant's unwillingness to concede identification, the government's Motion in Limine No. 1 is GRANTED. If the defendant does not stipulate to having a tattoo on the web of his hand, he will be ordered to show the web of his left hand to the jury upon the Court's instruction.

    b. The Court RESERVES on the government's Motion in Limine No. 2. The parties shall provide the Court with additional authority about whether a conviction for being a felon in possession of a firearm has the appropriate qualities to use for impeachment purposes. As corollaries, the parties may

4

consider *Naff v. State Farm Gen. Ins. Co.*, No. 1:15-cv-00515-JLT, 2016 WL 4095948, at *5 (E.D. Cal. Aug. 2, 2016) and *People v. Robinson*, 199 Cal. App. 4th 707, 715 (2011), both analyzing felon in possession as a crime of turpitude. The Court will undertake further argument regarding the requirements of Rule 609(a)(1) of the Federal Rules of Evidence and its application here under *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995).

11. **Defense's Motion in Limine (Dkt. No. 94):**

   a. Defendant's motion is GRANTED IN PART in that testifying witnesses, particularly Michael Palomino and Jennifer James shall not use the term "serial robber," otherwise the motion is denied. That is the government can use the term in opening and in argument.

   b. With respect to the use of the term "victim," the motion is DENIED.

   c. Parties agree that uncharged conduct concerning robberies in Fresno and Santa Clara will be excluded.

12. **Objections:** There shall be no "speaking objections," and no response unless requested by the Court, in which case it shall be brief – e.g., "hearsay" and if a response requested, "Not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

13. **Attachment A** is a list of proposed Procedural Stipulations. To the extent agreed upon, the parties shall sign and file said document by February 22, 2023.

14. **Attachment B** is a form to be completed by the attorneys for each side at the end of the trial and before the delivery of exhibits to jurors.

15. **Requests for Transcripts:** The Court understands that the parties have already requested daily transcripts. As noted on the record, the request to split costs was GRANTED. To the extent additional transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** one week prior to the commencement of the trial.

16. **Equipment:**  Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Aris Garcia, at (510) 637-3540, as to appropriate time for doing so.  Defense counsel may reserve a conference room in the attorneys lounge for the period of the trial.  However, they are only available on a first-come, first-serve basis.  Further, parties must provide the Court with a form of order for any equipment or supplies requested to be brought into the courthouse.

17. **Trial Decorum and Procedure:**  Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.

18. **Failure to Comply:**  Failure to comply with the obligations set forth in this order may result in sanctions appropriate to the gravity of the failure.

19. **Further Pretrial Conference:**  The Court shall hold a further pre-trial conference on February 23, 2023 at 1:00 p.m. to the extent necessary.  If there are no outstanding issues, the parties may *jointly* request that it be vacated.

This order terminates Docket Number 94.

**IT IS SO ORDERED.**

Dated: February 10, 2023

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**